IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL McNEIL, | : CIVIL ACTION NO. 1:08-CV-1913 |
| Petitioner | : (Judge Conner) |
| v. | : |
| MICHAEL MUKASEY, U.S. ATTORNEY GENERAL, et al., | : |
| Respondents | : |

**MEMORANDUM**

Petitioner Paul McNeil ("McNeil"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Prison, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 17, 2008, challenging his "prolonged detention" while awaiting a decision from the United States Court of Appeals on his petition for review of his final order of removal. (Doc. 1). He supplemented his petition on October 28, 2008. (Doc. 8-2). For the reasons set forth below, the petition will be denied.

**I.   Background**

McNeil, a native and citizen of Jamaica, who was admitted to the United States at New York, New York on February 17, 1970 as a Lawful Permanent Resident, was issued a notice to appear for removal proceeding under section 240 of the Immigration and Naturalization Act ("INA") on March 21, 2008. (Doc. 9-2, at 16.) The notice to appear charged that he was subject to removal from the United

States for violating the following sections of the INA, as amended: 1) Section 237(a)(2)(B)(i) "in that, at any time after admission, you have been convicted of a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act codified at 21 U.S.C. § 802) . . . ;" and 2) Section 237(a)(2)(c) "in that, at any time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, in violation of any law, any weapon, part, or accessory which is a firearm or destructive device, as defined in Section pursuant 921(a) of Title 18" of the United States Code.  (Id.)  On July 11, 2007, immigration officials added a charge pursuant to Section 237(a)(2)(A)(iii) that, "as an alien who has been convicted of an aggravated felony at any time after admission, to wit, an offense constituting illicit trafficking in a controlled substance (as described in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of Title 18 of the United States Code), as set forth at sections 101(a)(43)(B) of the INA."  (Id. at 18.)

Although McNeil did "not dispute that he is removable as an alien convicted of a controlled substance violation and firearms offense," (Doc. 9-2, at 20), he applied for cancellation of removal as a permanent resident in accordance with section 240A(a) of the INA.  (Doc. 9-2, at 5.)  The matter proceeded as follows:

> On July 31, 2007 [ McNeil] was granted Cancellation of Removal under section 240A(a) by the Immigration Judge. The Government appealed that decision to the BIA on August 10, 2007. On March 05, 2008, the BIA rendered the following Order. The DHS' appeal is sustained, the Immigration Judge's decision is vacated in part and the respondent's application for cancellation of removal is denied in the exercise of discretion. Further Order: The respondent is ordered removed to Jamaica. Subject currently has a petition for review pending with the Third Circuit Court of Appeals. The Third Circuit granted a stay of deportation on May 8, 2008, pending their decision on the petition for review.

(Doc. 9-2, at 5.) Review of the Court of Appeals docket sheet *via* PACER confirms that the stay of removal was originally dated May 8, 2008, and entered on the docket on June 17, 2008. Thereafter, on September 2, 2008, the petition for review was dismissed for failure to file a brief and appendix. On October 1, McNeil filed a motion to reopen and for stay of removal. On November 14, 2008, the motion to reopen and motion to stay were granted and the petition was referred to a merits panel. As of the date of this memorandum, no decision has been issued.

On June 11, 2008, McNeil's custody status was reviewed and it was determined that he would not be released. (Doc. 9-2, at 24.) At that time, he was advised that if he was not removed by September 5, 2008, jurisdiction of future custody decisions would be transferred to the Headquarters Post Order Unit ("HQPDU").

ICE has initiated efforts with the Consulate General and Embassy of Jamaica to obtain McNeil's travel document. (Doc. 9-2, at 8.) A representative from ICE spoke with the Jamaican consulate on September 3, 2008. (Id.) ICE was informed that a travel document is pending. (Id.) ICE represents that efforts to secure the

documents will resume once the Third Circuit issues a decision on the petition for review and the stay is lifted.

## II.     Discussion

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a ninety day "removal period."  The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  While, during the ninety day "removal period," the alien must be detained, see id. § 1231(a)(2), after the ninety day removal period, the government may further detain the alien or release him subject to conditions of release.  See id. § 1231(a)(6).  Further detention is limited.  For instance, in

Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that such further detention under § 1231(a)(6) is only permissible for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689 (holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention").

However, it has been held that the six-month presumptively reasonable post-order-removal period of Zadvydas is tolled when an alien requests judicial review of a removal order and a court orders a stay of removal. See Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004) (detention "directly associated with a judicial review process that has a definite and evidently impending termination point" is "more akin to detention during the administrative review process, which was upheld [by the Supreme Court]") (citing Demore v. Kim, 538 U.S. 510, 527-29, (2003)); Wang v. Ashcroft, 320 F.3d 130, 145-47 (2d Cir. 2003) ("where a court issues a stay pending its review of an administrative removal order," the post-order detention provisions of § 1231 do not apply because "the removal period commences on 'the date of the court's final order' "); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n. 4 (11th Cir. 2002) (by applying for stay, petitioner interrupted the running of the time under Zadvydas ); Evangelista v. Ashcroft, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002) (petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation);

Yang v. Chertoff, No. 05-73098, 2005 WL 2177097, at *3 n. 6 (E.D. Mi. Sept. 8, 2005) ("when a stay of removal is entered by the reviewing court, the matter is effectively removed from a final removal order posture"); Haynes v. Dep't of Homeland Sec., No. 05-339, 2005 WL 1606321, at *3 (M.D.Pa. July 8, 2005) ("when a stay of removal has been ordered, the ninety (90) day removal period begins to run only when the court entering the stay issues a 'final order' "); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003) (as a result of stay of deportation, Attorney General could not seek to bring about petitioner's deportation, and therefore, period of detention does not raise due process issue presented in Zadvydas ); Archibald v. INS, 2002 WL 1434391 at *8 (E. D. Pa. July 1, 2002) (because petitioner asked for and was granted stay of deportation, he is not being held in violation of Zadvydas, but rather held pursuant to the stay he requested). The removal period begins to run on the date of the court's final order on the challenge to removal. 8 U.S.C. § 1231(a)(1)(B)(ii); see also 8 C.F.R. § 241.4(g)(1)(i)(B) (the pertinent Immigration and Naturalization Service regulations provide that the removal period "shall begin on the latest of the following dates: ... (B) If the . . . court has ordered a stay of the alien's removal, the date on which, consistent with the court's order, the removal order can be executed. . . .").

Here, McNeil sought, and was granted, a stay of the removal order by the United States Court of Appeals for the Third Circuit. This stay of removal remains in effect while the underlying petition for review is pending in the Court of Appeals.

Thus, this court finds that, as the stay is still in effect, the presumptively-reasonable six-month period has not yet begun to run pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii).

Moreover, there is no indication in the record that McNeil's removal to Jamaica is not reasonably foreseeable or that travel documents will not be issued once, and if, the stay of removal is lifted. Accordingly, it appears that petitioner's continuing detention complies with the express provision of 8 U.S.C. § 1231(a)(1)(B)(ii).

Notwithstanding the foregoing, the court reminds respondents that the Third Circuit has held that "[w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable." Ngo v. INS, 192 F.3d 390, 398 (3d Cir. 1999). The fact that a stay of removal has been issued in this case should not change the result. See Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003). An alien not normally subject to indefinite detention as in Zadvydas should not be detained simply because he "seeks to explore avenues of relief" legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take. See Ly, 351 F.3d at 272. Custody reviews by immigration authorities are governed by 8 C.F.R. § 241.4(i), and may be guided by the procedural protections discussed by the Third Circuit in Ngo v. INS.

**III.     Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be denied.

An appropriate order follows.


    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge


Dated:      March 2, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL McNEIL,** | : | **CIVIL ACTION NO. 1:08-CV-1913** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **MICHAEL MUKASEY, U.S.** | : | |
| **ATTORNEY GENERAL,** | : | |
| **IMMIGRATION AND CUSTOMS** | : | |
| **ENFORCEMENT (I.C.E.),** | : | |
| **DEPARTMENT OF HOMELAND** | : | |
| **SECURITY (D.H.S.),** | : | |
| **Respondents** | : | |

## **ORDER**

AND NOW, this 2nd day of March, 2009, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1, 8-2) pursuant to 28 U.S.C. § 2241 is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

                                          S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge